IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DRYWALL SYSTEMS PLUS, INC.,

    Plaintiff,

v.                                                                 No. 08-1019

STEEL SYSTEMS, INC., ABERNATHY
MOTORCYCLE SALES, INC., ABERNATHY'S
HARLEY-DAVIDSON, INC., and JAMES
R. ABERNATHY II,

    Defendants.
_____

ABERNATHY MOTORCYCLE SALES, INC.,
ABERNATHY'S HARLEY-DAVIDSON, INC.,
and JAMES R. ABERNATHY II,,

    Counter-Plaintiffs,

v.

DRYWALL SYSTEMS PLUS, INC.,

    Counter-Defendant.
_____

ABERNATHY MOTORCYCLE SALES, INC.,
ABERNATHY'S HARLEY-DAVIDSON, INC.,
and JAMES R. ABERNATHY II,

    Cross-Plaintiffs,

v.

STEEL SYSTEMS, INC.,

    Cross-Defendant.

_____

ORDER GRANTING DEFENDANT ABERNATHY'S HARLEY-DAVIDSON,
INC.'S MOTION TO COMPEL ARBITRATION, STAYING THE PROCEEDINGS AGAINST
THE DEFENDANT PENDING ARBITRATION, AND GRANTING
DEFENDANT STEEL SYSTEM'S MOTION FOR AN ENLARGEMENT OF
TIME WITHIN WHICH TO FILE AN ANSWER TO THE COMPLAINT
_____

Plaintiff Drywall Systems Plus, Inc. ("DSP") brought this breach of contract suit against the Defendants, Steel Systems, Inc. ("Steel Systems"), Abernathy Motorcycle Sales, Inc. ("AMS"), Abernathy's Harley-Davidson, Inc. ("AHD"), and James R. Abernathy II on January 21, 2008. Before the Court is AHD's motion to dismiss, or in the alternative, to compel arbitration and stay proceedings. (Docket Entry ("D.E.") No. 26.) The Plaintiff has responded and this motion is now appropriate for disposition.

BACKGROUND

The Plaintiff contends that AHD hired Steel Systems as its general contractor to construct a building on property in Union City, Tennessee, owned by "[o]ne or more of the Abernathy Defendants." (D.E. No. 1, Compl. ¶¶ 7-8.) Steel Systems, in turn, hired the Plaintiff as a subcontractor. (Id. ¶ 9.) Pursuant to the subcontract, DSP was to install and finish drywall and perform various carpentry work at the building site, a future Harley-Davidson motorcycle dealership. (Id. ¶¶ 10-11.) The value of the labor and materials that DSP allegedly furnished to the Defendants was $327,215.90, of which $67,622.39 is unpaid. (Id. ¶ 12.) As a result, DSP filed the instant lawsuit.

The contract between AHD and Steel Systems provided for the arbitration of disputes between them before the American Arbitration Association, where a controversy arising from the construction of the dealership is currently pending. (D.E. No. 26, Mem. in Supp., at 1-2.) The

subcontract as to the Plaintiff and Steel Systems also required arbitration of any disagreements. (D.E. No. 34, Resp. in Opp., at 2.)[1] However, there was no contract between DSP and AHD. (Id.) Nonetheless, AHD argues that this Court must compel arbitration between it and the Plaintiff, because the subcontract between Steel Systems and the Plaintiff incorporated the agreement between AHD and Steel Systems. (D.E. No. 40, Reply, at 4.) This Defendant further maintains that DSP is "within the sphere of the Demand for Arbitration Steel Systems has filed with the [American Arbitration Association] . . . ." (Id. at 5.) Last, AHD contends that the Plaintiff is equitably estopped from avoiding mandatory arbitration. (Id. at 6.)

ANALYSIS

The Federal Arbitration Act (the "FAA") requires a district court to stay proceedings upon its determination that the issue involved in the suit is subject to arbitration under an arbitration agreement. 9 U.S.C. § 3; Maples v. Sterling, Inc., No. 01-1359, 2002 WL 1291239, at *1 (W.D. Tenn. Apr. 22, 2002) (Todd, J.). In addition, § 4 of the statute provides for orders compelling arbitration where one party has failed, neglected or refused to arbitrate under an arbitration agreement. 9 U.S.C. § 4. The FAA establishes a national policy favoring arbitration. Preston v. Ferrer, _ U.S. _, 128 S. Ct. 978, 981 (2008).

The United States Supreme Court has held that "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514

---

[1] Steel Systems also filed a motion to compel arbitration. (D.E. No. 22.) The Court granted this motion two days after it was filed, apparently mistakenly believing that it was filed by AHD and that the Plaintiff did not contest the motion (D.E. No. 24), but later vacated that Order. (D.E. No. 29.)

U.S. 938, 944 (1995) (citations omitted); see also Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987) ("[S]tate law, whether of legislative or judicial origin, is applicable [to an arbitration agreement] *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."); Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir. 1996) (holding that state-law principles should be applied in deciding whether parties agreed to arbitrate a dispute) (citation omitted); Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir. 1993) ("[W]hile § 2 of the Arbitration Act preempts state law which treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate.") (citation and internal quotation marks omitted). In applying state-law contract principles to the interpretation of an agreement to arbitrate, due regard must be given to the federal policy preferring arbitration and any ambiguities as to the scope of the agreement must be resolved in favor of arbitration. Bratt Enters. v. Noble Int'l Ltd., 338 F.3d 609, 613 (6th Cir. 2003) (citation omitted); see also AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co., 242 F.3d 777, 780 (8th Cir. 2001) ("We apply ordinary state law contract principles to decide whether parties have agreed to arbitrate a particular matter, giving healthy regard for the federal policy favoring arbitration.") (citation and internal quotation marks omitted).

The Tennessee Court of Appeals has held that "an arbitration clause does *not* bind one *not* a party to the contract." C.O. Christian & Sons Co. v. Nashville P.S. Hotel, Ltd., 765 S.W.2d 754, 757 (Tenn. Ct. App. 1988) (emphasis added) (citation omitted). In C.O. Christian & Sons, a subcontractor filed a lawsuit to enforce a materialmen's lien against both the general contractor and the owner of the property. Id. at 755. The owner attempted to compel arbitration on the basis that

4

there was an arbitration provision in the contract between the subcontractor and the general contractor. Id. The court held, however, that because the owner was not a party to the contract between the general contractor and the subcontractor, it was not entitled to enforce any provision of that contract. Id. at 757; see also Leon Williams Gen. Contractor, Inc. v. Hyatt, No. E2001-00434-COA-R3-CV, 2002 Tenn. App. LEXIS 112, at *13 (Tenn. Ct. App. Feb. 7, 2002) (holding that a company that was not a party to a contract between a property owner and a contractor was not bound by the arbitration clause in that contract and could not enforce it against the property owner).

This case differs from C.O. Christian & Sons and Hyatt, however, because while AHD was not a party to the subcontract between the Plaintiff and Steel Systems, and DSP was not a party to the general contract between AHD and Steel Systems, the terms of the general contract were incorporated into the subcontract. In several unpublished decisions, the Tennessee Court of Appeals has adopted the holding of a Sixth Circuit decision, Exchange Mutual Insurance Co. v. Haskell Co., 742 F.2d 274, 276 (6th Cir. 1984) (per curiam), which found that a chain of incorporation running through a prime contract, a subcontract, and a performance bond rendered disputes that arose under the performance bond subject to the arbitration provision contained in the prime contract. Hyatt, 2002 Tenn. App. LEXIS 112, at *11 (citing Exchange Mutual and distinguishing it from the case before the court, where there was no arbitration agreement, "either in a contract between th[e] parties or by incorporation of an arbitration agreement in a separate contract"); see also Tipton County Dep't of Pub. Instruction v. Delashmit Elec. Co., No. 02A01-9704-CH-00084, 1998 Tenn. App. LEXIS 242, *10 (Tenn. Ct. App. Apr. 7, 1998) (applying Exchange Mutual and holding that a surety, a non-signatory to a contract, could compel one of the parties to that contract to arbitrate because the performance bond incorporated the terms of the contract by reference).

5

In Exchange Mutual, the Sixth Circuit explicitly rejected the surety's argument that it could not be compelled to arbitrate because it was not a party to the general contract that contained the arbitration provision. 742 F.2d at 276. The panel held that this was irrelevant because the performance bond "specifically referred to and incorporated the subcontract. The subcontract provide[d] that the same obligations and responsibilities appl[ied] in the subcontract as appl[ied] in the general contract. And, finally, the general contract provide[d] that there [was] a duty to arbitrate." Id. "Thus, the performance bond incorporate[d] by reference the subcontract, the subcontract incorporate[d] by reference the general contract and hence the duty to arbitrate." Id.

In this case, the subcontract similarly incorporated the prime contract between AHD and Steel Systems. (D.E No. 1, Ex. A to Compl., Subcontract between DSP and Steel Systems, Article 1.1.) Thus, applying Exchange Mutual, which has been adopted by Tennessee courts, the Court rejects the Plaintiff's argument that it cannot be compelled to arbitrate because it was not a party to the general contract. As the subcontract incorporated the contract between AHD and Steel Systems in its entirety, including the arbitration provision, AHD is within its rights to enforce the arbitration provision contained therein against the Plaintiff.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to compel arbitration and stay proceedings is GRANTED. From a review of the docket, it appears that Steel System's motion to stay and compel arbitration was never revisited after the Court vacated its initial Order granting the motion. The Plaintiff did not file a response to the motion. Thus, DSP is hereby ORDERED to submit a response to Steel System's motion to stay and compel arbitration within fifteen days of entry of this

Order.  Finally, the Court also GRANTS Steel System's unopposed motion for an extension of time within which to file an Answer to the Complaint.  (D.E. No. 17.)

IT IS SO ORDERED this 7th day of August, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE